```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

JUSTIN W. HOLMES,

    Plaintiff,

v.                              Civil Action No. 2:09-0679

RUNYAN & ASSOC., Inc.,
d/b/a/ CENTURY 21 RUNYAN & ASSOC.,
PHH MORTGAGE CORPORATION, d/b/a
CENTURY 21 MORTGAGE,
and JOHN DOE HOLDER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is PHH Mortgage Corporation's motion to dismiss Counts II and III of the amended complaint, filed February 8, 2010.

                              I.

Plaintiff Justin W. Holmes instituted this action in the Circuit Court of Kanawha County on May 13, 2009. The relevant facts, as set forth in the amended complaint and incorporated documents, are as follows. Plaintiff, who resides in Charleston, has a high school education and works at Wendy's. (Am. Compl. at ¶ 2). On November 15, 2006, plaintiff entered

into a purchase agreement for a home through defendant Runyan & Associates doing business as Century 21 Runyan & Associates ("Runyan"). (Id. at ¶ 4, 6). Runyan is a West Virginia corporation with its principal place of business in South Charleston. (Id. at ¶ 4). Runyan acted as plaintiff's real estate broker with the purchase being contingent on plaintiff finding acceptable financing. (Id. at ¶ 6).

Runyan preapproved plaintiff for a loan through defendant PHH Mortgage Corporation doing business as Century 21 Mortgage ("PHH Mortgage"). (Id. at ¶ 3, 7). PHH Mortgage is a New Jersey corporation doing business in West Virginia with its principal place of business in New Jersey. (Id. at ¶ 3). In discussions with PHH Mortgage, plaintiff was assured that his monthly obligation would be $418 "and there would be no money paid down." (Id. at ¶ 8). Plaintiff informed PHH Mortgage that he could not pay any more than the agreed upon monthly payment of $418. (Id.). PHH Mortgage did not inform plaintiff of its intention to require plaintiff to pay for mortgage insurance which would raise plaintiff's payment by $79 a month. (Id.).

Two days before the closing scheduled for December 21, 2006, Runyan's agent telephoned plaintiff and informed him of the time and place of the closing. (Id. at ¶ 9). The agent also

informed plaintiff that he would need to bring money to the closing. (Id.). Plaintiff objected, stating that this was not what the parties had agreed upon and that he did not intend to complete the sale. (Id.). Runyan's agent responded: "You will be sued if you don't come to closing." (Id.).

When plaintiff attended the closing, he discovered that the payment was going to be increased by $79 a month in mortgage insurance. (Id. at ¶ 10). Knowing he would have difficulty making the payments, plaintiff nevertheless closed under the threat of suit if he did not close. (Id. at ¶ 11). Subsequently, the loan was assigned as part of a securitization to defendant John Doe Holder, the current unknown holder of the principal loan. (Id. at ¶ 12(a)).

Plaintiff's original and amended complaint allege the following claims: Count I, Unconscionable Contract; Count II, Duress; Count III, Joint Venture; and Count IV, Failure to Provide Statement of Account.

On June 17, 2009, defendants removed, invoking the court's diversity jurisdiction. On June 24, 2009, defendant PHH Mortgage moved to dismiss Counts II and III. PHH Mortgage asserted that Count II was brought solely against Runyan as it

3

was Runyan's agent who threatened suit, and thus no claim was asserted against PHH Mortgage based on plaintiff's theory of duress. Further, PHH Mortgage asserted that Count II failed to state a claim upon which relief may be granted inasmuch as duress is not a cognizable claim. PHH Mortgage additionally claimed that Count III did not request relief inasmuch as joint venture is merely a theory of liability and not a claim upon which relief can be granted. On December 15, 2009, the court entered an order granting PHH Mortgage's motion to dismiss inasmuch as plaintiff had failed to plead sufficient facts for duress and to plead the requisite elements for joint venture. Accordingly, the court dismissed Counts II and III of plaintiff's complaint without prejudice.

On January 25, 2010, plaintiff filed an amended complaint that pleads Counts II and III with greater particularity. On February 8, 2010, PHH Mortgage filed a motion to dismiss Counts II and III of the amended complaint.

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing

. . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Envtl. Control v. Commerce and

5

<u>Indus. Ins. Co.</u>, 372 F.3d 245, 255 (4th Cir. 2004) (quoting <u>Franks v. Ross</u>, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

III.

Inasmuch as it appears that PHH Mortgage's liability under Count II may be dependent upon the plaintiff's joint venture claim in Count III, the court will first address whether the plaintiff's joint venture claim in Count III survives the motion to dismiss.

A. Count III: Joint Venture

Count III of plaintiff's complaint alleges a joint venture "in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others." (Compl. at ¶ 26). PHH Mortgages asserts two justifications for dismissing Count III. First, PHH Mortgage contends that joint venture is not a cognizable claim in West

6

Virginia.  Second, PHH mortgage claims that plaintiff has failed to state a claim upon which relief can be granted.

Relying on the holding of the West Virginia Supreme Court of Appeals in <u>Dunn v. Rockwell</u> insofar as it relates to civil conspiracy, PHH Mortgage contends that joint venture is not a cognizable cause of action that can survive the motion to dismiss.  689 S.E.2d 255 (W. Va. 2009).  In <u>Dunn</u>, the court acknowledged that civil conspiracy "is not a <u>per se</u>, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)."  <u>Id.</u> Expanding upon the court's rationale, PHH Mortgage suggests that, similarly, joint venture is not a <u>per se</u>, stand-alone cause of action, and, thus, Count III must be dismissed.

The court is not persuaded by the analogy PHH Mortgage draws from <u>Dunn</u>.  The language in <u>Dunn</u> does not suggest that civil conspiracy is not a permissible cause of action generally. It simply states that it is not a claim that can stand alone without claims for the underlying torts.  Here, plaintiff has alleged joint venture in addition to those torts for which it seeks to impose joint venture liability.  Significantly, <u>Dunn</u> did

not result in the dismissal of the civil conspiracy claim for failure to state a cognizable cause of action. Rather, the court assigned the applicable statute of limitations for the underlying tort claims to the civil conspiracy claim in order to determine whether it was time barred. Moreover, as noted by this court in an earlier opinion in this case setting out applicable joint venture principles, plaintiffs in several West Virginia cases have asserted joint venture claims wherein the concept of joint venture has been recognized. See generally, Herrod v. First Republic Mortgage Corp., Inc., 625 S.E.2d 373 (W. Va. 2005); Armor v. Lantz, 535 S.E.2d 737 (W. Va. 2000); Price v. Halstead, 355 S.E.2d 380 (W. Va. 1987); Pownall v. Cearfoss, 40 S.E.2d 886, 893-94 (W. Va. 1946); see also Short v. Wells Fargo Bank Minn., N.A., 401 F. Supp. 2d 549 (S.D. W. Va. 2005).

PHH Mortgage's alternate argument for dismissal of Count III asserts that plaintiff's amended complaint fails to state a claim upon which relief may be granted. As originally pled, plaintiff's joint venture claim contained merely the allegation that "[e]ach of the acts of the Defendants was done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others." (Compl. at ¶ 21).

Plaintiff indicated in his allegation of facts that Runyan preapproved him for a loan through PHH Mortgage as the lender, but he did not suggest any evidence of a written or verbal contract between the defendants nor did he allege an agreement to share in the profits.

Plaintiff has amended his complaint in order to resolve the primary deficiencies in his original joint venture claim. In the amended complaint, he has added allegations that the defendants had an agreement for a single business enterprise, being the closing of the sale and financing of plaintiff's home, and that the defendants shared in the profits and losses of the enterprise.[1] (Am. Compl. ¶¶ 23, 24, 27). Through these additions, the plaintiff has addressed the elements of a joint venture and pled facts that support a plausible agreement between the defendants to engage in a joint venture.

PHH Mortgage further asserts that Count III should be dismissed for failing to request appropriate relief, thus, again failing to state a claim upon which relief can be granted. PHH Mortgage contends that Count III's only requested relief -- that

---

[1] The plaintiff adds, somewhat incongruously, that Runyan acted as the agent for PHH Mortgage as part of a principal-agency relationship. (Am. Compl. ¶ 28).

the court declare the defendants were engaged in a joint venture -- "seeks a declaration of what is ultimately a question of fact for the jury to determine." (Def.'s Reply 3). While the existence of a joint venture is a question of fact to be decided by the jury, the joint venture claim within Count III seeks to impose liability upon both of the defendants for each of the claims brought by the plaintiff in Counts I and II.[2] In doing so, the joint venture claim incorporates the requests for relief in each of those counts. Accordingly, Count III requests permissible relief.

B. Count II: Duress

Count II of plaintiff's amended complaint seeks relief for duress as a result of plaintiff being "forced into the loan transaction by threat of suit by Defendants if he did not close." (Am. Compl. at ¶ 18). PHH Mortgage contends that Count II fails to state a claim upon which relief can be granted against PHH Mortgage inasmuch as the only person or entity by whom the threat is alleged to have been made is an agent of Runyan. (Mot. to Dismiss Memo. 2). Count II incorporates the preceding paragraphs

---

[2] Count IV appears to relate solely to PHH Mortgage.

of the complaint by reference. (Am. Compl. ¶ 17). PHH Mortgage claims that plaintiff has failed to state a claim for which relief can be granted as against PHH Mortgage inasmuch as nowhere in Count II or in the preceding paragraphs of the complaint has plaintiff alleged that Runyan is the agent of PHH Mortgage or that Runyan and PHH Mortgage acted in a joint venture. (Mot. to Dismiss Memo. 1). Accordingly, PHH Mortgage contends that Count II should be dismissed as against PHH Mortgage.

The court has addressed the validity of plaintiff's joint venture claim in the previous section. For purposes of PHH Mortgage's claim with regard to Count II, the court declines to compartmentalize the plaintiff's amended complaint in the manner suggested by PHH Mortgage. In Count III, plaintiff has alleged joint venture, claiming defendants were engaged in a joint venture with a single business enterprise, specifically the "closing of the [] sale and financing of the home at issue in this case." (Am. Compl. ¶ 23). Count II relates directly to the closing on plaintiff's home inasmuch as plaintiff claims he was forced by threat of lawsuit into the closing by Runyan's agent. While Count II does not incorporate the paragraphs that follow, Count III incorporates all the preceding paragraphs, including the plaintiff's claim for duress in Count II. Accordingly,

11

plaintiff's joint venture claim in Count III asserts that PHH Mortgage and Runyan share liability for the impermissible acts of each other with regard to the closing and financing of his home, including the Count II duress claim as a claim against PHH Mortgage as one of the joint venturers.

V.

Based on the foregoing, it is ORDERED that PHH Mortgage's motion to dismiss be, and hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 2, 2010

_____
John T. Copenhaver, Jr.
United States District Judge

12